IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KENNETH N. MADDOX, JR.                                                             PLAINTIFF

vs.                                 Civil No. 2:08-cv-02049

MICHAEL J. ASTRUE                                                                  DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Kenneth N. Maddox, Jr. ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed his applications for DIB and SSI on October 27, 2005.  (Tr. 96).  Plaintiff alleged he was disabled due to a back injury. (Tr. 89).  Plaintiff alleged an onset date of December 31, 2003.  (Tr. 96).  These applications were initially denied on January 9, 2006 and were denied again on reconsideration on June 23, 2006.  (Tr. 43-49).  Plaintiff requested an administrative

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

hearing on his applications.  (Tr. 35-36).  This hearing was held on September 25, 2007 in Fort Smith, Arkansas.  (Tr. 243-292).  Plaintiff was present and represented by counsel, Fred Caddell, at this hearing.  *See id.*  Plaintiff, witness Doug McAlister, and Vocational Expert ("VE") John Massey testified at this hearing.  *See id.*  On the date of this hearing, Plaintiff was forty-nine (49) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), had a 11th Grade education and had received a GED.  (Tr. 263-264).

On January 15, 2008, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI.  (Tr. 13-21).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2004  (Tr. 15, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 31, 2003, his alleged onset date.  (Tr. 15, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: disorder of the back, osteoarthritis, and obesity.  (Tr. 15, Finding 3).  The ALJ also determined, however, Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 15, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his RFC.  (Tr. 16-20).  First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not totally credible.  *See id.*  Second, the ALJ determined, based upon the review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and/or carry 10 pounds frequently, 20 pounds occasionally, and to sit/stand/walk for a total of 6 hours in an 8-hour workday with normal breaks. He can occasionally climb ramps,

      and stairs, stoop, bend, crouch, crawl, kneel, and balance. He is restricted from climbing scaffolds, ladders, or ropes. There are no other limitations.

(Tr. 15-16, Finding 5).

    The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and his ability to perform that work and other work in the national economy. (Tr. 19, Finding 6). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 264-273). Based upon this testimony, the ALJ determined Plaintiff's PRW included work as a material handler (heavy, semi-skilled), as a liquor store clerk (heavy, semi-skilled) and as a delivery truck driver (medium to very heavy, semi-skilled). (Tr. 19).

    Based upon this testimony, the ALJ determined Plaintiff would be unable to perform his PRW. (Tr. 19, Finding 6). The ALJ also determined, however, Plaintiff would be able to perform other work existing in significant numbers in the national economy. (Tr. 20, Finding 10). Specifically, the VE testified Plaintiff would be able to perform work as a fast food worker with 18,500 such jobs in Arkansas and 2,400,000 in the national economy, cashier with 1,700 such jobs in Arkansas and 193,000 in the national economy, and as a storage facility rental clerk 160 such jobs in Arkansas and 19,500 in the national economy. (Tr. 20). Based upon this testimony, the ALJ determined Plaintiff could perform other work existing in significant numbers in the national economy and was not disabled from December 31, 2003 through the date of the ALJ's decision. (Tr. 21, Finding 11).

    On January 28, 2008, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 8). *See* 20 C.F.R. § 404.968. On April 23, 2008, the Appeals Council declined to review this unfavorable decision. (Tr. 4-6). On May 22, 2008, Plaintiff filed the present appeal. (Doc. No. 3). The parties consented to the jurisdiction of this Court on June 19, 2008.

3

(Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 9-10). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff claims the following: (1) the ALJ performed an improper *Polaski* evaluation of his subjective complaints; (2) the ALJ improperly discounted the treating physician's RFC (3) the ALJ improperly assessed the Plaintiff's RFC; and (4) the ALJ failed to consider obesity. (Doc. No. 9, Pages 7-14). In response, Defendant argues that the ALJ's disability determination is supported by substantial evidence. (Doc. No. 8, Pages 3-16). Defendant argues that the ALJ properly evaluated Plaintiff's subjective complaints, properly discounted the opinion of Plaintiff's treating physician, properly assessed Plaintiff's RFC, and considered Plaintiff's obesity. *See id.*

Because this Court finds the ALJ erred in assessing Plaintiff's subjective complaints, this Court will only address Plaintiff's first claim.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a *Polaski* analysis. Instead of evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely considered Plaintiff's daily activities and indicated they were not strong evidence of Plaintiff being disabled. (Tr. 18-19). This lack of analysis is entirely insufficient under *Polaski*, and this case must be reversed and remanded for further consideration consistent with *Polaski*. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to *Polaski* must be performed

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **20th day of August, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE